UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRIEDRICH LU,<br><br>    Plaintiff,<br><br>v.<br><br>JULIO A. CASTILLO, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-3683 (JMC) |

## **MEMORANDUM**

On November 30, 2022, Lu filed a Complaint in this Court against six Defendants: Julio Castillo, Clerk of the District of Columbia Court of Appeals; Chief Judge Anna Blackburne-Rigsby of the District of Columbia Court of Appeals; Judge Roslynn Mauskopf of the U.S. District Court for the Eastern District of New York, who also serves as the current Director of the Administrative Office of the United States Courts; Chief Judge David Barron of the U.S. Court of Appeals for the First Circuit; Senior Judge Jeffrey Howard of the U.S. Court of Appeals for the First Circuit; and Judge Joseph LaPlante of the U.S. District Court for the District of New Hampshire.[1] ECF 1 at 1.

Lu's Complaint alleges that he was prevented from filing an amicus brief in *Trump v. Carroll*, Case No. 22-SP-0745, in the District of Columbia Court of Appeals. Lu claims that Castillo, as clerk of the court, was primarily responsible for preventing him from filing his brief, but Lu also alleges that all Defendants were part of a "Racketeering Influenced and Corrupt

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Organization (RICO) enterprise that [had] been going on for years." ECF 1 at 2. Lu alleges that Defendants violated the First and Fourteenth Amendments of the U.S. Constitution, as well as 18 U.S.C. § 1962(d) and 28 U.S.C. § 2201. *Id.* at 3. Lu seeks injunctive relief, presumably to file his amicus brief, and compensatory and punitive damages. *Id.*

The Court dismisses Lu's Complaint under 12(b)(6) for failing to state a claim upon which relief can be granted. *See Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that sua sponte dismissal is appropriate where it is "patently obvious" that plaintiff could not succeed on their claim).

Lu's first claim appears to allege that Defendants Castillo and Chief Judge Blackburne-Rigsby violated the First Amendment and the Fourteenth Amendment by denying Lu's request to file an amicus brief. Lu provides no legal framework to support this claim, likely because none exists—courts can restrict the filing of amicus briefs to promote judicial efficiency and fairness to parties. Lu also alleges that these Defendants violated the Equal Protection Clause, but his Complaint does not include any allegations of discriminatory intent against him.

Instead, Lu claims that the Defendants are conspiring to prevent him from filing amicus briefs and other pleadings in courts. A quick review of Lu's litigious history confirms the unfounded premise of these assertions: after filing a number of frivolous lawsuits in Massachusetts courts, the U.S. District Court for the District of Massachusetts enjoined Lu from filing any more documents without certifying that he is making his claims in good faith.[2] *Lu v. Harvard Univ.*, No. 1:00-cv-11492, ECF 49 at 17 (D. Mass. Mar. 29, 2002); *see also Lu v. Budd*, 546 F. Supp. 3d 9,

---

[2] At the 12(b)(6) stage, courts can consider "matters of which [they] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

10 n.1 (D. Mass. 2021) (collecting cases). Lu's lack of success in courts is due to the baselessness of his claims, not the machinations of a criminal enterprise.

For similar reasons, Lu's third claim—seeking declaratory judgment against Defendant Judge Laplante because he "has sinned," ECF 1 at 3—is also dismissed for failing to state any plausible legal theory.

Finally, the claims against judges face an additional barrier. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity . . . ." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). To the extent that Lu's Complaint seeks to relitigate prior cases, *see* ECF 1 at 2, those claims are barred because adjudicating cases falls within a judge's judicial capacity.

A separate final and appealable Order accompanies this Memorandum.

DATE: December 22, 2022

_____  
Jia M. Cobb  
U.S. District Court Judge